Filed 7/24/13  P. v. Cruz CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065147 |
| v. | (Super. Ct. No. 12CM0180) |
| DAVID ALEXANDER CRUZ, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kings County.  Steven D. Barnes, Judge.

Richard Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Poochigian, J., and Peña, J.

Defendant and appellant David Alexander Cruz appeals from a judgment entered on June 11, 2012. We affirm the judgment.

## Facts and Procedural History

About 2:00 a.m. on January 20, 2012, a police officer saw defendant's truck weave off the road and then turn the wrong way onto a freeway. The officer made a traffic stop and determined that defendant was intoxicated. A subsequent inventory search of the truck disclosed two baggies of marijuana and a digital scale in a duffel bag behind the driver's seat. Defendant's blood sample taken at the jail disclosed a blood alcohol level of .17.

After defendant's motion to suppress evidence and his motion for new counsel (see *People v. Marsden* (1970) 2 Cal.3d 118) were denied, defendant admitted one count of violation of Health and Safety Code section 11360, subdivision (a), possession of marijuana for sale, and one count of violation of Vehicle Code section 23152, subdivision (b), driving with .08 percent or more of blood alcohol, a misdemeanor, as part of a plea bargain that provided for probation. Other charges were dismissed pursuant to the plea agreement. Defendant was placed on probation, on the condition, among others, that he obey all laws and participate in a drug court program. Almost immediately, defendant tested positive for use of marijuana and informed the drug court he could not afford to comply with the requirements of the program. In a further plea bargain, defendant admitted he violated probation and received a sentence of two years on the felony offense, to be served in local custody and on mandatory supervised release pursuant to Penal Code section 1170, subdivision (h), with a concurrent sentence on the misdemeanor offense.

## Discussion

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that

2

this court independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.) Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## Disposition

The judgment is affirmed.